FILED
2007 Apr-17 PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CV 06-B-4704-W ) |
| LAMBERT ROOFING & CONSTRUCTION COMPANY, INC.; HARLAN LAMBERT; ANN LAMBERT, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion for Summary Judgment filed by plaintiff, (doc. 17),[1] and Motion for Abeyance filed by defendants Lambert Roofing & Construction Company and Harlan Lambert, (doc. 21). Plaintiff has sued defendants – Lambert Roofing & Construction Company, Harlan Lambert, and Ann Lambert[2] – to recover amounts paid by plaintiff as surety for defendant Lambert Roofing; defendants Harlan and Ann Lambert signed indemnity agreements in favor of plaintiff as surety for Lambert Roofing. Plaintiff filed a Motion for Summary Judgment; in response, defendants Lambert Roofing and Harlan Lambert filed a Motion for Abeyance pursuant to Fed. R. Civ. P. 56(f),

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]Defendant Ann Lambert is in default. (Doc. 13.)

asking the court to withhold ruling on the Motion for Summary Judgment until defendants had the opportunity to conduct discovery, pursuant to Fed. R. Civ. P. 56(f). Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motion for Abeyance, (doc. 21), is due to be granted and plaintiff's Motion for Summary Judgment, (doc. 17), is due to be denied without prejudice to its right to refile the Motion for Summary Judgment after defendants have had the opportunity to conduct discovery.

The court notes that plaintiff's Motion for Summary Judgment was filed before the court entered a Scheduling Order and before defendants received plaintiff's initial disclosures. "Before entering summary judgment the district court must ensure that the parties have an *adequate* opportunity for discovery." *Florida Power and Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))(emphasis added). In this case there has been *no* opportunity for discovery.

Nevertheless, plaintiff contends that its Motion for Summary Judgment is due to be granted because, under the prima facie evidence clause of their agreement, it has presented "prima facie evidence of the fact and extent of defendants' liability to [plaintiff]." (Doc. 22 at 2.)[3] Therefore, it argues that discovery is unnecessary in light of its evidence of payment.

---

[3]The Indemnity Agreement states that "vouchers and other evidence of any . . . payments made by the Surety shall be *prima facie evidence* of the fact and the amount of the liability to the Surety. (Doc. 22-4 at 1 [emphasis added].)

Plaintiff, however, misapprehends the meaning of the term "prima facie." "A prima facie showing simply means 'evidence of such nature as is sufficient to establish a fact and which, *if unrebutted*, remains sufficient for that purpose.'" *Cumulus Media, Inc. v. Clear Channel Communications, Inc.*, 304 F.3d 1167, 1176 n.13 (11th Cir. 2002)(quoting *Hiram Walker & Sons, Inc. v. Kirk Line, R.B. Kirkconnell & Bro., Ltd.*, 963 F.2d 327, 331 n.5 (11th Cir. 1992)(quoting *Miller v. Norvell*, 775 F.2d 1572, 1574 (11th Cir.1985)) and citing *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254 n.7 (1981)). "Prima facie" evidence is not synonymous with "conclusive" evidence. Indeed a number of the cases cited by plaintiff, (*see* doc. 22 at 2-3), hold that a "prima facie" evidence clause in an indemnity or surety agreement creates a rebuttable presumption that shifts the burden of proof as to the issues of the fact and the amount of liability to the opposing party.

For example, in *Ideal Electronic Sec. Co., Inc. v. International Fidelity Ins. Co.*, 129 F.3d 143, 151 (D.C. Cir. 1997), cited at page 3 of plaintiff's Response to defendant's Motion for Abeyance, (doc. 22 at 3), the D.C. Circuit held:

> . . . IFIC argues that the indemnity agreement's provision that "vouchers or other evidence of any payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety," . . . requires Ideal to indemnify it for the full amount of the attorney billing statements submitted. This argument fails upon assertion, for the contract provision relied on by IFIC says only that "vouchers" shall be "prima facie evidence of the fact and amount of liability to the Surety." This confirms that something more than evidence of mere payment will be required if a charge is challenged. ***Thus, this provision is hardly conclusive with regard to the amount of a reasonable fee award, but rather simply shifts to Ideal the burden of proving that the fees claimed are excessive***.

*Ideal Electronic*, 129 F.3d at 151 (emphasis added). Similarly, in *U.S. Fidelity & Guar. Co. v. Feibus*, 15 F. Supp. 2d 579, 582-83 (M.D. Pa. 1998), cited at page 2 of plaintiff's Response, (doc. 22 at 2), the district court stated:

> Interpreting identical prima facie evidence clauses, courts have routinely held that once a surety has submitted the required documentation of payments, ***the burden under Rule 56 shifts to the principal to prove the existence of a genuine issue of material fact for trial.*** *See, e.g., Gundle Lining* [*Construction Corp. v. Adams County Asphalt*], 85 F.3d [201,] 210 [(5th Cir. 1996)] (payment vouchers evidencing fact and amount of liability shifts burden under Rule 56 to principals);[4] *Continental Cas. Co.* [*v. American Sec. Corp.*], 443 F.2d [649,] 650-51 [(D.C. Cir. 1970)] (photostats of canceled checks and sworn affidavits alone were sufficient to support the summary judgment granted by the district court); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins.*, No. 83-5733, 1989 WL 55388 at *3 (E.D. Pa. May 23, 1989) (submission of affidavits and supporting documentation of the expenditures made under the bonds was sufficient to shift the burden under Rule 56 to the non-moving party); *International Fidelity Ins. Co. v. United Constr., Inc.*, No. 91-2361, 1992 WL 46878 at *2 (E.D. Pa. March 4, 1992)(exhibits and affidavits detailing disbursements and expenses were sufficient to shift the burden under Rule 56(e) to the non-moving party).

*Id*. (emphasis added; footnote added).[5]

Under the circumstances of this case, the court finds that prima facie evidence clause in the indemnity agreement does not bar defendants from attacking the veracity of plaintiff's claims. Therefore, defendants are entitled to the opportunity to conduct discovery in order to gather evidence to rebut the fact and the amount of plaintiff's claims under the indemnity

---

[4]*Gundle Lining* is cited at page 3 of plaintiff's Response. (Doc. 22 at 3.)

[5]Plaintiff also cites to *Engbrock v. Federal Ins. Co.*, 370 F.2d 784, 786 (5th Cir. 1967). In this case, the indemnity agreement contained a clause that stated any decision or action of the surety was "final" and "conclusive" as to the indemnitor. *See Engbrock*, 370 F.2d at 786.

agreement. The court will grant defendants' Motion for Abeyance, and it will deny plaintiff's Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendants shall be given the opportunity to conduct discovery before responding to plaintiff's Motion for Summary Judgment. Therefore, defendants' Motion for Abeyance, (doc. 21), will be granted and plaintiff's Motion for Summary Judgment, (doc. 17), will be denied without prejudice to plaintiff's right to refile the Motion after defendants have had an opportunity to conduct discovery.

**DONE**, this the 17th day of April, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE